**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – –X

**MARKY'S MARTIAL ARTS, INC dba**          :          1:19-CV03363
**KILLEARN LAKES TAEKWONDO,**


                              Plaintiff,          :          **MEMORANDUM OF LAW
                                                             IN SUPPORT OF MOTION
                                                             FOR ENTRY OF
                                                             JUDGMENT UNDER RULE
                                                             55(B)**

          against                              :


**FC ONLINE MARKETING, INC., dba**          **:**
**FCOM,**

                              Defendant.          :

– – – – – – – – – – – – – – – – – – – – – – – – – –X


Pursuant to Federal Rule of Civil Procedure 55(b) and this Court's Individual Practices,

Plaintiff, Marky's Martial Arts, Inc. dba Killearn Lakes Taekwondo, through its Counsel, T.

Edward Williams, moves for this Court to Enter Default against Defendant, FC Online

Marketing, Inc. dba FCOM and states as follows:

## FACTUAL BACKGROUND

On April 15, 2019, Plaintiff sued Defendant in this proceeding for misappropriation of

trade secrets under Federal and New York law, breach of contract and for unjust enrichment.  As

stated in the Complaint, Plaintiff is a Martial Arts company, near the Florida-Georgia border that

attracts students from Florida and Georgia.  In 2016, Plaintiff hired Defendant to build a website

to enable Plaintiff to attract additional clients.   Plaintiff and Defendant entered into a

subscription Agreement ("Agreement"), and the Agreement defines Confidential Information

and Trade Secrets.  Those terms are respectively defined as:

> Confidential Information: means any written information or information that is stored by electronic means which (i) relates to this Agreement, (ii) is received by one of the parties from the other [sic] and (iii) is marked "Confidential," "Proprietary" or bears a marking of like import or which the Disclosing Party states in writing at the time of transmittal to, or receipt by, the Receiving Party is to be considered confidential.
>
> ***
>
> Trade Secret: means any oral, written, or documentary information or information that is stored by electronic means that: (i) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

In January 2018, Plaintiff discovered that Defendant was building the exact website it

built for Plaintiff for Plaintiff's competitors and Plaintiff moved to end its relationship with

Defendant.  Plaintiff terminated it agreement with Defendant in February 2018.  On July 9,

2018, Plaintiff discovered that Defendant had transferred approximately 750 of Plaintiff's clients

to Plaintiff's competitors without telling Plaintiff.   Of the 750 clients, Plaintiff lost

approximately 100 clients to its competitors.  Each client would have generated $3,000.00 in

revenue for Plaintiff.

## ARGUMENT

When a defendant fails to plead or otherwise defend against a claim, and that failure is

shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a).

Once the clerk has entered default, the moving party may then make an application for entry of a

default judgment pursuant to Federal Rule of Civil Procedure 55(b). The Court should enter a

default judgment in this case for the reasons outlined below.

2

Defendant failed to answer or otherwise defend against Plaintiff's Complaint.  Plaintiff

filed its Complaint and served that Complaint multiple times on Defendant.  Plaintiff first served

Defendant with its Complaint in May 2019 at Defendants' last know address, but Defendant was

not available.  Plaintiff then served Defendant on June 26, 2019 with the New York Secretary of

State.  Defendant has not answered Plaintiff's complaint and the Clerk of Court has defaulted

Defendant.  *See Affidavit of T. Edward Williams, Esq.*, at *passim*; *see, also*, Fed.R.Civ.P.

12(b)(1) (requiring that a Defendant respond to a Complaint within 21 days after service of

process on that Defendant).

Once the court determines that a defendant is in default, the factual allegations in the

complaint are taken as true, even if the complaint seeks legal or equitable remedies.  *Cotton v.*

*Slone*, 4 F.3d 176, 181 (2d 1993).  As noted above, Plaintiff has asserted claims for violation of

federal and state trade secrets laws, a claim for breach of contract, and a claim for unjust

enrichment.  Plaintiff alleged that these violations were willful and malicious, which entitles

Plaintiff to exemplary damages under the Defend Trade Secrets Act.  Plaintiff's claims are

plausible.  In addition, Defendant has failed to answer or otherwise respond, and Plaintiff is

entitled to default against Defendant.

## REQUEST FOR HEARING

Given the nature of Plaintiff's damages, Plaintiff has requested a evidentiary hearing to

determine Plaintiff's damages.

September 23, 2019
New York, New York

**RESPECTFULLY SUBMITTED**,

By: /s/ T. Edward Williams, Esq.
T. Edward Williams, Esq.
Williams, LLP
7 World Trade Center
250 Greenwich Street, 46th FL.
New York, New York 10007
Tel/Fax: 212.634.9106
Email: Edward.williams@wmsintl.com
*Attorneys for Plaintiff*