**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – –X

**MARKY'S MARTIAL ARTS, INC dba**          :          **1:19-CV03363**
**KILLEARN LAKES TAEKWONDO,**

                                Plaintiff,          :          **APPLICATION       FOR**
                                                                **DEFAULT     JUDGMENT**
                                                                **UNDER RULE 55(B)(2)**

              against                           :


**FC ONLINE MARKETING, INC., dba**          :
**FCOM,**

                                Defendant.          :

– – – – – – – – – – – – – – – – – – – – – – –X

            Pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2

and this Court's Individual Practices, Plaintiff, Marky's Martial Arts, Inc. dba

Killearn Lakes Taekwondo, through its Counsel, WILLIAMS LLP, moves for this

Court to Enter Default against Defendant along with damages as supported the

Affidavit submitted by Blaine Markey and under 18 U.S.C. § 1836(b)(3)(C) of the

Defend Trade Secrets Act, which allows for punitive damages, and under 18

U.S.C. § 1836(b)(3)(D) of the Defend Trade Secret Act, which allows for attorney

1

fees and litigation costs. In support of this Motion for Default, Plaintiff Marky Martial Arts states as follows:

## FACTUAL BACKGROUND

On April 15, 2019, Plaintiff sued Defendant in this proceeding for misappropriation of trade secrets under Federal and New York law, breach of contract and for unjust enrichment. Plaintiff is a Martial Arts school, near the Florida-Georgia border that attracts students from Florida and Georgia. In 2016, Plaintiff hired Defendant to build a website to enable Plaintiff to attract additional customers. Plaintiff executed a Subscription Agreement with Defendant ("Agreement"), which defines Confidential Information as follows:

> Confidential Information: means any written information or information that is stored by electronic means which (i) relates to this Agreement, (ii) is received by one of the parties from the other [sic] and (iii) is marked "Confidential," "Proprietary" or bears a marking of like import or which the Disclosing Party states in writing at the time of transmittal to, or receipt by, the Receiving Party is to be considered confidential.
>
> ***
>
> Trade Secret: means any oral, written, or documentary information or information that is stored by electronic means that: (i) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

In January 2018, Plaintiff learned that Defendant was building the exact website it built for Plaintiff for Plaintiff's competitors and Plaintiff moved to end

its relationship with Defendant. Plaintiff terminated the Agreement with Defendant in February 2018. On July 9, 2018, Plaintiff discovered that Defendant had transferred approximately 750 of Plaintiff's customers to Plaintiff's competitors, without telling Plaintiff. Each customer would have generated $3,000.00 in revenue for Plaintiff.

## ARGUMENT

### I.    LEGAL STANDARD

When a defendant fails to plead or otherwise defend against a claim, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Once the clerk enters default, the moving party may then make an application for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See Xochimiti v. Pita Grill of Hell's Kitchen, Inc.*, 2016 U.S. Dist. Lexis 121259, *7 (S.D.N.Y. 2016) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). A defaulted litigant concedes the factual allegations of the Complaint. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (internal quotation marks omitted).

The moving party must demonstrate the damages they have suffered, and the Court must draw all "reasonable inferences that can be made from the evidence that is presented in support of [its] damages." *Id.*; *Au Bon Pain Corp.*,

653 F.2d at 65; *see, also, Taizhou Zhongneng Imp. & Exp. Co. v. Kousobinas*, 509 Fed. App'x 54, 56 (2d Cir. 2013) (discussing damages in the context of default judgment); *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same).

To establish damages upon default, "plaintiffs must demonstrate that the 'compensation sought relate[s] to the damages that naturally flow from the injuries." *Greyhound Exhibitgroup*, 973 F.2d at 159.  Rule 55(b)(2) grants this Court discretion whether it elects to conduct an evidentiary hearing or rely on a detailed affidavit presented by the movant. Fed. R. Civ. Pro. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (discussing the trial court admitting evidence on damages upon default); *Am. Jewish Comm. v. Berman*, 2016 U.S. Dist. Lexis 78068, 2016 WL 3365313, *4 (S.D.N.Y. Aug. 29, 2016) (holding that no hearing on damages is required and that a Court may look to detailed affidavits on damages to determine damages on default judgment).

In presenting damages, the movant may rely on present memory. *See Maldonado v. La Neuva Rampa, Inc.*, 2012 U.S. Dist. Lexis 67058, *3 (S.D.N.Y. May 14, 2012). The Second Circuit and courts in the Second Circuit have awarded treble damages on claims like Plaintiff's claims as well as attorney fees and costs when entering default judgment. *See, e.g., Zamora v. FIT Int'l Grp.*

4

*Corp.*, 2019 U.S. Dist. Lexis 96863,*4–5 (S.D.N.Y. June 7, 2019) (approving the Magistrate Judge's recommendation of treble damages on a civil RICO claim and awarding more than $9 million in default judgment); *Buffalo Transp. Inc. v. Freezer Bezu*, 2019 U.S. Dist. Lexis 47929, *16–18 (W.D.N.Y. March 22, 2019); *Allstate Ins. Co. v. Harvey Fam. Chiropractic, Physical Therapy & Acupuncture*, PLLC, 2018 U.S. Dist. Lexis 163391, *35–46 (E.D.N.Y. sept. 21, 2018) (awarding treble damages and holding that treble damages of more than $1 million and holding that treble damages are automatic upon the showing of harm).

As specifically applicable to this case, the Defend Trade Secrets Act provides for punitive damages under 18 U.S.C. §1836(b)(3)(C) for willful misappropriation of trade secrets.  18 U.S.C. § 1836(b)(3)(C) (allowing for two times the amount of the damages plaintiff suffered). The Defendant Trade Secret Act also allows for the recovery of attorney fees and costs. 18 U.S.C. § 1836(b)(3)(D).

## II.   PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AGAINST DEFENDANTS AND TO ALL OF ITS DAMAGES.

### A. *Plaintiff's Complaint States a Claim for Relief Against Defendant.*

Plaintiff assert complaints against Defendant for misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. §1831 et.

5

seq., for misappropriation of trade secrets under New York Law, for breach of contract, and for unjust enrichment. *See* Compl. at ¶¶ 44–78.

A plaintiff states a claim under the Defend Trade Secrets Act, where it establishes an unconsented use or disclosure of a trade secret by a person who: "(i) used improper means to acquire the trade secret or (ii) at the time of the disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty." *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 37–39 (S.D.N.Y. 2017) (quoting 18 U.S.C. § 1839(5), and § 1839(6)(A)–(B)).  Similarly, under New York law, a plaintiff prevails on a trade secret claim where the plaintiff demonstrates that: (i) it possessed trade secrets; and (ii) the defendant used the trade secret in breach of an agreement. *Id.*; *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44 (2d Cir. 1999).

The standard for breach of contract is well established. A plaintiffs states a claim for breach of contract where the plaintiff shows: (i) the existence of a contract; (ii) its performance under the contract; (iii) breach of the contract by the defendant; and (iv) damages because of the defendant's breach.  *See First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998). Also, a

plaintiff states a claim for unjust enrichment where the plaintiff demonstrates: "(i) the other party was enriched; (ii) at the plaintiff's expense; and (iii) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *See, e.g., Case Props. Servs., LLC v. Columbia Props. Phoenix, L.P.*, 2018 U.S. Dist. Lexis 158199, *8 (S.D.N.Y. Sept. 17, 2018).

Here, Plaintiff alleged it had trade secrets in the form of its client list, that Defendant misappropriated Plaintiff's client list when Defendant intentionally and willfully provided Plaintiff's client list to Plaintiffs' competitors, and that Defendant misappropriated Plaintiff's client list in violation of the Agreement. *See* Compl. at ¶¶ 5–43.

As for their claim for breach of contract and for unjust enrichment, Plaintiff alleged they entered into the Agreement with Defendant, that they performed their obligations under the Agreement, that Defendant breached the Agreement when Defendant intentionally provided Plaintiff's client list to Plaintiff's competitors, and that Plaintiff suffered damages as a result. *Id*. Plaintiff similarly alleged that Defendant was unjustly enriched from disclosing Plaintiff's trade secrets because Defendant were paid by Plaintiff's competitors for providing Plaintiff's client list to Plaintiff's competitors.

Plaintiff's allegations are sound and would survive a motion to dismiss without issue.  See *Case Props. Servs., LLC.,* 2018 U.S. Dist. Lexis 158199, *6–7.

### B.  Plaintiffs can Prove Its Damages with Certainty.

In Blaine Marky's Affidavit, Plaintiff set forth the damages it has incurred. *See* Affidavit of Blaine Marky ("Marky Aff.") at ¶ 16. As stated in Mr. Marky's Affidavit, Plaintiffs suffered damages in the amount of **$554,688.20**, which is the sum of 248,296.72 (multiplied by two because that is the amount Plaintiff lost each year) and $29,047.38, which was expended to remedy Defendants' misappropriation of Plaintiff's trade secrets. *Id.* Plaintiff seeks twice the $554,688.20 under Defend Trade Secrets Act, which brings Plaintiff's total damages to **$1,109,376.40**.

Plaintiff is entitled to prejudgment interest at 9% per year under N.Y. CPLR § 5001(a). *See Man. Hanover Trust Co. v. Drysdale Sec. Corp.*, 801 F.2d 13, 28 (2d Cir. 1986). In addition, Plaintiff is entitled to calculate its interest from the earliest date at which the cause of action existed. CPLR § 5004; *see, also, Drysdale Sec. Corp.*, 801 F.2d at 28. As Plaintiff alleged in its Complaint, that date is July 9, 2018.  *See* Compl. at ¶¶ 34–39. Thus, including prejudgment

8

interest of $229,640.84 (reached by using this formula: I=P x R x T),[1] Plaintiff's total damages is: **$1,339,017.24**.

Plaintiffs also seeks post-judgment interest that begins to accrue from the date of entry of judgment against Defendant.

Finally, Plaintiff also seeks its attorney fees and costs. Plaintiff incurred attorney fees of $43,217.07 and costs of $4,310. The Affidavit of T. Edward Williams, Esq. together with contemporaneous billing statements reflect Plaintiff's reasonable attorney's fees and costs incurred.

## **CONCLUSION**

In sum, Plaintiff seeks default as stated in this Motion.

September 23, 2019
New York, New York

RESPECTFULLY SUBMITTED,

By: /s/ T. Edward Williams, Esq.
T. Edward Williams, Esq.
Williams, LLP
7 World Trade Center
250 Greenwich Street, 46th FL.
New York, New York 10007
Tel/Fax: 212.634.9106
Email: Edward.williams@wmsintl.com
*Attorneys for Plaintiff*

---

[1] As this Court knows, "P" is the principal amount of $832,032.30; "R" is the interest rate of 9%; and "T" is the time of 2.3 years.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September 2019, I caused this **MOTION FOR ENTRY OF DEFAULT JUDGMENT** to be served on the following parties at the following addresses via mail and via Alexander Poole and Associates Process Servicers:

FC Online Marketing, Inc.
3601 Hemstead Turnpike, Suite 503
Levittown, New York

New York Secretary of State
One Commerce Plaza
99 Washington, 6th FL
Albany, New York 12231—0001

New York Secretary of State—New York City Location
123 William Street
New York, New York 10038—3804

10